IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-291-BO

| | |
|---|---|
| RON BOSTIC,<br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., d/b/a<br>CHASE AUTO FINANCE, EQUIFAX<br>INFORMATION SERVICES, LLC, and<br>TRANS UNION, LLC,<br>    Defendants. | )<br>)<br>)<br>)  ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

This cause comes before the Court on plaintiff's motion for entry of default against defendant JP Morgan Chase Bank (Chase). Chase has responded in opposition, plaintiff has replied, and in this posture the matter is ripe for ruling. For the reasons that follow, the motion is denied.

## BACKGROUND

The following procedural history is relevant to the instant motion. Following the removal of this action, which alleges violations of the Fair Credit Reporting Act, from Wake County Superior Court, Chase, through counsel, executed a waiver of summons which indicated that a response to plaintiff's complaint must be filed not later than sixty days from September 17, 2021. [DE 14]. Chase failed to answer or otherwise respond to the complaint within the time provided by the waiver of service and has, to date, failed to file an answer or otherwise respond. Chase first appeared in this action in order to respond to the motion for entry of default.

In Chase's opposition to the instant motion, Chase contends that counsel's calendaring error resulted in Chase failing to answer or otherwise respond to the complaint within the time provided. Chase further contends that it has a meritorious defense to plaintiff's claims, that it acted

promptly in responding to this matter, and finally that plaintiff would not be prejudiced by any delay. In reply, plaintiff asserts that Chase's counsel has been included on communications between all counsel in this case and that plaintiff filed the instant motion only after the passage of Chase's answer deadline and Chase's failure to respond to other communications.

## DISCUSSION

Although default has not been entered, the Court considers Chase's opposition to the entry of default under the same standard as is applied to motions to set aside default. Entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). As a general matter, there is a strong preference that defaults be avoided and that matters are disposed of on the merits. *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

Chase has sufficiently demonstrated that it has a meritorious defense to this action, which at this stage it need not prove but rather must only come forward with a sufficient showing to allow the Court to determine "whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (internal alteration, quotation, and citation omitted). Chase contends that it conducted a reasonable investigation into plaintiff's dispute and that its reporting was accurate. *See Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001).

2

Case 5:21-cv-00291-BO   Document 30   Filed 04/27/22   Page 2 of 3

The Court further determines that Chase acted promptly. Chase discovered the calendaring error and responded to the instant motion within the time provided by the Court's local rules. Importantly, counsel for Chase has taken full responsibility for the calendaring error and Chase, as the party, is not at fault. *See id.*, 843 F.2d at 811 ("When the party is blameless and the attorney is at fault . . . a default judgment should ordinarily be set aside."). Finally, the Court discerns no prejudice to plaintiff in allowing Chase an opportunity to answer the complaint and finds no history of dilatory action.

## CONCLUSION

In sum, for the foregoing reasons and in light of the strong preference for deciding cases on the merits, plaintiff's motion for entry of default against defendant JP Morgan Chase Bank, [DE 18] is DENIED. Chase is permitted seven (7) days from the date of this order within which to answer or otherwise respond to the complaint.

SO ORDERED, this 27 day of April 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE